**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DAVID KLUCKA,<br><br>            Plaintiff,<br><br>vs.<br><br>JAMES A. ORONOZ, et al.,<br><br>            Defendants. | Case No. 2:12-cv-01760-LRH-CWH<br><br>**ORDER** |

This matter is before the court on Plaintiff's Application to Proceed In Forma Pauperis (#1), filed October 5, 2012.

**I.  In Forma Pauperis Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's Complaint.

**II.  Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a

ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Plaintiff alleges that two United States Deputy Marshals and a Court Security Officer are liable for committing perjury while testifying during Plaintiff's October 5, 2010 jury trial in the matter of *United States v. David Klucka*, 2:09-cr-00523-KJD-RJJ. Plaintiff also alleges that his court appointed stand-by counsel should be held liable for ineffective assistance of counsel. He also claims he was the victim of a malicious prosecution. He seeks $1 million for his troubles. Plaintiff has brought the action pursuant to *Bivens v. Six Unknown Named Agents of the Fed'l Bureau of Narcotics*, 403 U.S. 388 (1971). In *Bivens,* the Supreme Court recognized an implied right of action for damages against federal officers alleged to have violated a person's constitutional rights. *See Correctional Svs Corp. v. Malesko,* 534 U.S. 61, 66 (2001). *Bivens* actions against federal employees are the "judically crafted counterpart" to claims against state actors arising under 42 U.S.C. § 1983. *See Chavez v. I.N.S.,* 17 F. Supp. 2d 1141, 1143 (S.D. Cal. 1998) (citing *Gibson v. United States,* 781 F.2d 1334, 1342 (9th Cir. 1986), *cert. denied,* 479 U.S. 1054 (1987)). A *Bivens* claim differs from a § 1983 claim only because a federal, rather than a state, defendant is sued. *Id.* (citing *Kreines v. United States,* 959 F.2d 834, 837 (9th Cir. 1992)).

To the extent Plaintiff seeks to sue the United States Department of Justice, the claim is dismissed. The Department of Justice is a federal agency. The Supreme Court has held that a federal agency is not subject to liability for damages under *Bivens*. *See Fed'l Deposit Ins. Co. v. Meyer*, 510

1  U.S. 471, 485 (1994) (noting that purpose of *Bivens* remedy is to deter the federal officer, and allowing
2  suits against the officer's employer would not promote the deterrence contemplated by *Bivens* because
3  if suits against federal agencies were allowed, plaintiffs would never sue the individual officer).
4  Accordingly, Plaintiff cannot assert constitutional claims against the Department of Justice.  The
5  Complaint has, therefore, failed to state a *Bivens* claim as against the Department of Justice.

6  Plaintiff's claims for perjury against the witnesses who testified during his trial are also
7  dismissed.  Witnesses are absolutely immune from civil litigation arising from testimony given under
8  oath at trial.  *See Brisco v. LaHue*, 460 U.S. 325, 341 (1983).  This immunity applies even if the
9  testimony was ultimately false.  *See Paine v. City of Lompoc*, 265, F.3d 975, 981 (9th Cir. 2000).
10 Accordingly, Plaintiff has failed to state a *Bivens* claim against the witnesses who testified at his trial.

11 To the extent Plaintiff seeks damages under *Bivens* based on the alleged ineffective assistance of
12 his stand-by counsel, his claim is dismissed.  First, Plaintiff represented himself during his criminal
13 trial.  *See Faretta v. California*, 422, U.S. 806, 834 n. 46 (1975) ("Thus, whatever else may or may not
14 be open to him on appeal, a defendant who elects to represent himself cannot thereafter complain that
15 the quality of his own defense amounted to a denial of 'effective assistance of counsel.'").  Second, his
16 conviction was upheld on appeal and has not otherwise been invalidated.  Pursuant to *Heck v.*
17 *Humphrey*, 512 U.S. 477 (1994), in order to recover damages for allegedly unconstitutional
18 imprisonment, conviction, or other harm caused by action that would render a conviction or sentence
19 invalid a plaintiff must prove the conviction or sentence has been reversed on direct appeal, expunged
20 by executive order, declared invalid by a state tribunal, or called into question by issuance of a writ of
21 habeas corpus.  *Id*. 512 U.S. 486-87.  Accordingly, Plaintiff has failed to state a *Bivens* claim against his
22 stand-by counsel.  Plaintiff's claims for malicious prosecution are also barred under *Heck*.  *Id*. at 512
23 U.S. 484 (one element that must be alleged and proved in a malicious prosecution action is termination
24 of the prior criminal proceeding in favor of the accused).

25 Based on the foregoing, Plaintiff's complaint is dismissed for failure to state a claim upon which
26 relief can be granted.  The Court, however, will grant Plaintiff leave to file an amended complaint.
27 Accordingly,

28 **IT IS HEREBY ORDERED** that  Plaintiff's Application to Proceed In Forma Pauperis (#1) is

1  **granted**.  Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars ($350.00).

2  **IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED** with leave to amend. Plaintiff shall have until **January 10, 2013,** to file an amended complaint, if he believes he can correct the noted deficiencies.  The amended complaint must be a complete document in and of itself and will supersede the original complaint in its entirety.Failure to file a timely amended complaint in compliance with this order may result in the case being dismissed with prejudice.

Dated this 10th day of December, 2012.

_____
C.W. Hoffman, Jr.
UNITED STATES MAGISTRATE JUDGE